TWENTIETH CENTURY–FOX FILM CORPORATION et al. v. PEOPLES THEATRES OF ALABAMA, Inc., et al.

PARAMOUNT PICTURES, Inc., et al. v. SAME.

WARNER BROS. PICTURES, Inc., et al. v. SAME.

Nos. 719–721.

District Court, M. D. Alabama, N. D.

Oct. 1, 1938.

794

Bradley, Baldwin, All & White, of Birmingham, Ala., and Gabriel Hess, of New York City, for plaintiffs.

Andrews & Andrews, of Union Springs, Ala., for defendants.

CHARLES B. KENNAMER, District Judge.

The plaintiffs in the above styled causes are all proprietors and distributors of various copyrighted motion pictures. The defendants own and operate theatres in the towns of Union Springs, Alabama, and Elba, Alabama. The plaintiffs have filed in this court bills of complaint against the defendants, seeking an accounting and damages for an alleged infringement of their copyrighted photoplays, under Section 25, Title 17, of the United States Code, 17 U.S.C.A. § 25.

Prior to answering the bills of complaint the defendants moved to dismiss them out of court on the following ground: "That from the averments of the Bill of Complaint it appears that this Honorable Court, sitting in equity, is without jurisdiction to determine the subject matter thereof, because the plaintiffs may receive plain, adequate and complete relief on the law side of the court."

Plaintiffs allege in their bills of complaint that the defendants exhibited certain copyrighted films belonging to the plaintiffs without first having obtained a license to do so; the films having come into the defendants' possession pursuant to a contract made with the plaintiffs, which contract permitted only limited exhibitions of the films. The right to exhibit these films was strictly limited by contract with the defendants as to time and place. Plaintiffs allege that they mailed certain films to the defendants to be exhibited at the time and places as set out in the license or contract, but that the defendants exhibited these films at performances other than on the days they were licensed to do so, which exhibitions were without license or authority from the plaintiffs, thereby constituting an infringement of plaintiff's copyright.

The defendants in their motion to dismiss the bills of complaint contend very forcefully that plaintiffs, by intrusting their films to them, pursuant to the terms of their contracts, waived their right to sue in tort under the Copyright Law, and are relegated to a suit on the contract.

In the case of Metro-Goldwyn-Mayer Distributing Corporation v. Bijou Theatre Company, 1 Cir., 59 F.2d 70, the court said [page 72]: "It appears from these few observations that it is of first importance that exhibitors live up to the letter of their contracts. The question to be solved is whether, if they exhibit the films on a date other than the date specified in the contract, it constitutes a violation of the proprietor's copyright or merely a breach of contract."

That is the question presented to this court by paragraph three of the motion to dismiss the bill of complaint.

This court, after having heard oral argument of counsel for the plaintiffs and defendants, and having considered the briefs which were submitted to the court by counsel for both sides, is of the opinion that the motion to dismiss must be overruled and denied.

In the case of Tiffany Productions Co. v. Dewing, D.C., 50 F.2d 911, Judge Coleman says [page 916]: "The contention that plaintiffs, by intrusting their films to defendants, pursuant to the terms of their contracts, have made an election of remedies, namely, have waived their right to sue in tort under the Copyright Law, and are relegated to a suit in assumpsit on the contract, is unsound. While it is true that the suit in the last-named case was an action in assumpsit, that form of action is merely an alternate remedy, and nothing which the plaintiffs in the present case have done precludes them from their right to resort to the remedy provided under the Copyright Law. * * * An election of remedies presupposes a choice of one to the exclusion of the other. In order to constitute an election, the party must pursue one of the remedies. That is to say, there must be some decisive action by such party, with knowledge of the facts and of his rights."

In the case of Metro-Goldwyn-Mayer Distributing Corporation v. Bijou Theatre Company, 1 Cir., 59 F.2d 70, the court said [page 76]: "In the case of Tiffany Produc-

tions, Incorporated, v. Dewing et al., D.C., 50 F.2d 911, Judge Coleman, in a similar case, reached a conclusion contrary to that of the District Court in the instant case. His opinion is well considered and appeals to us. He held that the projection of a photoplay film on a screen without the copyright owner's permission was an infringement."

In the case of Metro-Goldwyn-Mayer Distributing Corporation v. Bijou Theatre Company, D.C., 3 F.Supp. 66, decided almost a year after the Metro-Goldwyn-Mayer Distributing Corporation v. Bijou Theatre Company, 59 F.2d 70, Judge McClellan said [page 74]: "The next ground on which the motion to dismiss the amended bill of complaint is founded reads: 'The plaintiff is precluded from maintaining this action for infringement because of the contract which it made with the defendant, copy of which is annexed to and made part of the amended bill of complaint.' The defendant was given a license to exhibit the films on one day, and an exhibition on that day, of course, gave rise to no action for an invasion of the plaintiff's copyright. When the defendants had exercised the license, it was exhausted, and the alleged exhibition on an additional day constituted both a breach of the contract and a trespass upon the monopoly conferred upon the plaintiff by the copyright. The Circuit Court of Appeals makes it entirely clear that the bill of complaint is not demurrable by reason of anything appearing in the contracts. In a trial on the merits, the contracts may be important. The plaintiff had an election of remedies. If in either of the cases the plaintiff elected the remedy afforded under the contracts, which provide against exhibitions on other than the licensed dates, he thereby lost his right to pursue his remedy as for infringement of the copyright."

Continuing, Judge McClellan says: "The foregoing disposes also of the eighth ground for dismissal, that the plaintiff has an adequate remedy under the contract. The plaintiff had a choice of remedies, and, while pursuit of one of the remedies might preclude later pursuit of the other, neither the mere creation of the contract right, nor anything which the bill discloses as having been done by way of enforcement of that right, warrants the conclusion that, as a matter of law, the plaintiff's copyright remedy is gone."

Judge McClellan in his opinion in this case refers approvingly to Judge Coleman's decision in the Tiffany Productions, Incorporated Case, supra, and cites the circuit court of appeals decision in the Metro-Goldwyn-Mayer Case, supra.

In keeping with the above cited decisions, which seem to be the settled law on the question, the motion to dismiss the bills of complaint is overruled and denied.

It is further ordered, adjudged and decreed that the defendants file answers to the bills of complaint within twenty days from this day or a decree pro confesso will be entered against them.